**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 09:24 AM January 17, 2017**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FREDERICK CAMPBELL AND | ) | CASE NO. 16-61495 |
| TRACIE CAMPBELL, | ) | |
| | ) | ADV. NO. 16-6037 |
| Debtors. | ) | |
| _____ | ) | JUDGE RUSS KENDIG |
| RONNIE L. TYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| FREDERICK CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff submitted an Application for Entry of Default on December 21, 2016 for Defendant's failure to timely answer the complaint. Defendant objects to entry of default.

Subject matter jurisdiction of the underlying case is found in 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(I) and

1

(J) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

An application for entry of default is governed by Federal Rule of Bankruptcy Procedure 7055, which adopts Federal Civil Rule of Civil Procedure into bankruptcy practice. Under Rule 7055(a), a party is entitled to default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." At the time Plaintiff's application was filed, Defendant had failed to plead or defend but has since had counsel enter an appearance on his behalf who filed an answer and objected to entry of default.

The court's previous decision in Wayne Sav. Cmty. Bank v. Skidmore (In re Skidmore), 2011 WL 6254877 (Bankr. N.D. Ohio 2011) is instructive. In that case, the court declined to enter default judgment after considering the following seven factors: (1) possible prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) possible disputed material facts, (6) whether the default was due to excusable neglect, and (7) the preference for decisions on the merits. Id. at * 1 (citing Russell v. City of Farmington Hills, 34 Fed.App'x 196, 198 (6th Cir. 2002) (citations omitted)). Since the entry of default precedes default judgment and is not as consequential, there is no reason not to apply the factors to the application for default.

Plaintiff filed a well-pleaded complaint on November 1, 2016 and served it on November 13, 2016. Defendant's answer was due on December 12, 2016. He filed it two weeks late. His delay has caused little prejudice to Plaintiff. While the monetary amount at stake is not large, the counts in the complaint are serious, including the possibility of denial of Defendant's discharge and the nondischargeability of a debt. Because of their severity, debtors are given the benefit of liberal construction of § 727(a) and § 523. Keeney v. Smith (In re Keeney), 227 F.3d 679 (6th Cir. 2000); Mfr.'s Hanover Tr. Co. v. Ward (In re Ward), 857 F.2d 1082 (6th Cir. 1988). The claims involve factual questions of Defendant's intent. To prohibit Defendant from defending the claims would counter the preference for a decision on the merits. Although there is little evidence Defendant's neglect is excusable, in total, the factors weigh against entry of default. The application will therefore be denied by separate order.

#       #       #

**Service List:**

Ronnie L Tye
5079 Nobles Pond Dr NW
Canton, OH 44718

Pauline Aydin Shuler, Esq.
7100 Whipple Avenue NW
North Canton, OH 44720